[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12973
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 16, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00691-CV-T-30-TBM

WAYNE ATKINSON,
as the executor of the estate of Rita Atkinson,
RICHARD ARMATROUT,
as the executor of the estate of Karen Armatrout,

Plaintiffs-Appellants,

versus

WAL-MART STORES, INC.,
WAL-MART STORES, INC. CORPORATION GRANTOR TRUST,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 16, 2009)

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

In July 2008, the Florida Legislature amended § 627.404 of the Florida Statutes to provide that an insured or his or her personal representative may sue for benefits paid under an insurance contract procured by a party lacking an insurable interest in the insured. Fla Stat. § 627.404(4) (2008). The prior version of this statute contained no such cause of action. See Id. § 627.404 (1991). The question presented in this case is whether § 627.404(4) is retroactively applicable and thus confers standing upon the personal representative of an insured. Because this involves an interpretation of a Florida statute, we certify the controlling question to the Florida Supreme Court.

I. Background

In 1993, Wal-Mart adopted a corporate owned life insurance ("COLI") program through which the company would purchase life insurance policies for its employees.[1] Wal-Mart funded the policies, at no cost to the employees. The policies provided benefits of $5,000 to $10,000 to the decedents' beneficiaries, with the remainder of the policy amount paid to Wal-Mart. By 2000, as the result of new regulations, Wal-Mart had discontinued the COLI program.

Rita Atkinson and Karen Armatrout worked as rank-and-file Wal-Mart employees paid hourly wages. Neither opted out of the COLI program and Wal-

---

[1] Employees were notified that they could opt out of the program.

2

Mart obtained life insurance policies upon both. Atkinson died in 1996. After payment under her policy to her estate, Wal-Mart received the remainder of the benefits, totaling $66,048.70. Armatrout died in 1997 and Wal-Mart received $72,820.30 in benefits under her policy.

On March 5, 2008, Wayne Atkinson and Richard Armatrout, as executors for Rita's and Karen's estates, respectively, filed a class action lawsuit against Wal-Mart in state court. The two-count complaint sought (1) a declaratory judgment and imposition of a constructive trust over the benefits paid because Wal-Mart had no insurable interest in these employees, and (2) disgorgement of benefits based on unjust enrichment. Wal-Mart removed the action to federal court on April 11. Atkinson thereafter filed an amended request for class certification, in which Armatrout withdrew his request for appointment as a class representative.

The district court denied certification and dismissed the complaint for lack of standing. Applying the law in effect in 2000, the court found that there was no Florida statute or case law identifying a cause of action permitting a personal representative of a deceased employee to maintain a cause of action to recover benefits received by an employer under a COLI program. Although the court recognized that the Florida Legislature had amended the statute to create a cause of action, the district court found that there was no evidence the statute was to be

3

applied retroactively. The court, therefore, dismissed the complaint sua sponte. This appeal followed.

II. Standard of Review

Federal courts are empowered under Article III to adjudicate only "cases" or "controversies." Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). In order for there to be a "case" or "controversy" that a federal court can adjudicate, a plaintiff must make a sufficient showing of an injury that the court's decision-making can redress. Id.

Standing is "a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (citations omitted).[2] Standing under Article III has three elements: (1) "the plaintiff must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;" (2) "there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court;" and (3) "it must be likely, as opposed to merely speculative, that the injury

---

[2] Because standing is a threshold inquiry, we need not address the issues of class certification at this time.

4

will be redressed by a favorable decision." Florida Family Policy Council v. Freeman, 561 F.3d 1246, 1253 (11th Cir. 2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)) (alterations, citations, and quotation marks omitted); see also Pittman v. Cole, 267 F.3d 1269, 1282 (11th Cir. 2001) (setting forth the same three elements). The burden is on the party seeking to invoke jurisdiction to produce facts sufficient to support its standing. Pittman, 267 F.3d at 1282. "We review de novo whether a plaintiff has standing to bring suit in federal court." Id. "[A] party's standing to sue is generally measured at the time of the complaint. . . ." Johnson v. Bd. of Regents, 263 F.3d 1234, 1267 (11th Cir. 2001) ); Lujan, 504 U.S. at 570 n. 5, 112 S.Ct. 2130 ("[S]tanding is to be determined as of the commencement of suit . . . .").

III. Analysis

Atkinson argues that Florida law provided for a cause of action and the amended statute merely clarified existing law. He notes that Florida public policy has required that the individual contracting for insurance have an "insurable interest" in the life of the person insured and, because Rita was an hourly, rank-and-file employee, Wal-Mart lacked any insurable interest.

Wal-Mart responds that the amendments to § 627.404 were substantial changes that created a cause of action, where before there was none. It asserts that

5

the district court correctly found that the amendments were not retroactively applicable.[3]

Under the current version of § 627.404(4), "[i]f the beneficiary, assignee, or other payee under any insurance contract procured by a person not having an insurable interest in the insured at the time such contract was made receives from the insurer any benefits thereunder by reason of the death, injury, or disability of the insured, the insured or his or her personal representative or other lawfully acting agent may maintain an action to recover such benefits from the person receiving them." Fla. Stat. § 627.404(4) (2008). "Insurable interest" is defined, inter alia, as "[a]n individual has an insurable interest in the life, body, and health of another person if such individual has an expectation of a substantial pecuniary advantage through the continued life, health, and safety of that other person and consequent substantial pecuniary loss by reason of the death, injury, or disability of that other person." Id. § 627.404(2)(b)(3).

"Generally, unless the Legislature clearly expresses its intention to the contrary, substantive statutes are presumed to apply prospectively while remedial statutes are presumed to apply retrospectively." See Promontory Enter., Inc. v. S.

---

[3] Wal-Mart also contends that Atkinson did not challenge the district court's conclusion about retroactive applicability. We disagree. Atkinson's claim that the statute merely clarified existing law implicitly disputes the court's conclusion.

Eng'g & Contracting, Inc., 864 So.2d 479, 483 (Fla. Dist. Ct. App. 2004). Here, when the legislature enacted the amendments to § 627.404, it indicated that it was doing so to clarify and conform with existing Florida law. See Florida Senate Bill Analysis, SB 648 (Mar. 11, 2008); see also Life Ins. Co. of Ga. v. Lopez, 443 So.2d 947 (Fla. 1983) (explaining in dicta that Florida law prohibits issuance of an insurance policy to a person who has no insurable interest in the insured).

Thus, the question is whether § 627.404 was designed to be retroactively applicable as a mere clarification of the law, or whether it made substantive changes and created a new cause of action. Because this case presents an interpretation of a Florida statute, we certify the issue to the Florida Supreme Court.

IV. Question Certified

We respectfully certify to the Florida Supreme Court the following question:

Whether the amendments to Fla. Stat. § 627.404 apply retroactively and enable the representative of an insured to sue for COLI benefits received by a party lacking an insurable interest or whether the amendments create a new cause of action such that a family would lack standing to sue for benefits obtained prior to the enactment of the amendments.

In certifying this question, we do not intend to restrict the issues considered

by the state court and note that discretion to examine this issue and other relevant issues lies with the Florida Supreme Court. Stevens v. Battelle Memorial Institute, 488 F.3d 896, 904 (11th Cir. 2007); Miller v. Scottsdale Ins. Co., 410 F.3d 678, 682 (11th Cir. 2005) ("Our phrasing of the certified question is merely suggestive and does not in any way restrict the scope of the inquiry by the Supreme Court of Florida."). We also recognize that "latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given." Swire Pacific Holdings Inc. v. Zurich Ins. Co., 284 F.3d 1228, 1234 (11th Cir. 2002) (citation omitted).

QUESTION CERTIFIED.